## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JEWEL JORDAN and MICHAEL WALSH, each individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BEST BUY CO., INC.,<br><br>      Defendant. | Case No. 24-cv-1066 (DWF/DTS) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL ARBITRATION AND MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

Page(s)

INTRODUCTION ................................................1

BACKGROUND .................................................1

LEGAL STANDARD ...........................................4

ARGUMENT ...................................................4

I.   The Order Granting Best Buy's Motion to Compel Arbitration Should be Reconsidered and Denied Under Fed. R. Civ. P. (60)b. ........................................4

   a.   *Best Buy Engaged in Misconduct Under 60(b)(3).* ...................................5

   b.   *Best Buy Has Denied Plaintiff Jordan a Full and Fair Opportunity to Litigate Her Claim under 60(b)(6).* ..........................................7

II.   Best Buy Cannot Now Ask Plaintiff Jordan to Litigate in Small Claims Court as It Has Waived That Defense. ..................................8

III.    The Class Action Waiver is No Longer Enforceable. ...............................10

CONCLUSION ..................................................13

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Raymond Corp.*,
  340 F.3d 520 (8th Cir. 2003)..............................................................6

*Brown v. Option One Mortgs. Corp.*,
  No. 10-785, 2012 WL 85207 (E.D. La. Jan. 11, 2012) ...................7

*Conno v. U.S. Bank N.A.*,
  No. 11-2352, 2013 WL 2935481 (D. Minn. June 14, 2013) ...........9

*Farmers Select, LLC v. United Motor Freight, Inc*.,
  No. 07-342, 2008 WL 5351731 (W.D. Tex. Dec. 19, 2008) .........11

*Frandsen v. Ford Motor Co.*,
  801 N.W.2d 177 (Minn. 2011)...........................................................13

*Hagerman v. Yukon Energy Corp*.,
  839 F.2d 407 (8th Cir. 1988)..............................................................6

*Harley v. Zoesch*,
  413 F.3d 66 (8th Cir. 2005)................................................................9

*In re Charter Communications Inc., Securities Litig.*,
  443 F.3d 987 (8th Cir. 2006)..............................................................6

*Integrated Molding Concepts, Inc. v. Stopol Auctions, L.L.C.*,
  No. 06-5015, 2007 WL 2263927 (D. Minn. Aug. 6, 2007)...........10

*Martrano v. Quizno's Franchise Co., L.L.C.*,
  No. 08-0932, 2009 WL 1704469 (W.D. Pa. June 15, 2009) .........13

*Meyer v. Kalanick*,
  185 F. Supp. 3d 448 (S.D.N.Y. 2016)..............................................12

*Quizinsight.com P'ship v. Tabak,*
    No. 18-1878, 2022 WL 18401758 (D.D.C. May 17, 2022) ..........................7

*Rothwell Cotton Co. v. Rosenthal & Co.,*
    827 F.2d 246 (7th Cir.) as amended, 835 F.2d 710 (7th Cir. 1987) ................6

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*,
    559 U.S. 393 (2010).....................................................................................13

*Vine v. PLS Fin. Servs., Inc*.,
    807 Fed. Appx. 320 (5th Cir. 2020)...............................................................12

*Webb v. Johnson,*
    No. 21-3042, 2022 WL 80475 (D. Neb. Jan. 6, 2022) ...............................6, 7

**Rules**

Fed. R. Civ. P. 12(b)(3) ......................................................................................9, 10

Fed. R. Civ. P. 60(b) ....................................................................................... 7, 8, 10

## INTRODUCTION

Plaintiffs Jewel Jordan and Michael Walsh now move for reconsideration of this Court's Order Granting Best Buy Co., Inc.'s Motion to Compel Arbitration and to Strike Class Allegations. The reasoning is simple: Best Buy, Co., Inc. ("Best Buy") moved to compel Jewel Jordan to arbitrate her dispute. Now, Best Buy is refusing to arbitrate, depriving Plaintiff Jordan of a forum in which to resolve her dispute.

Following the Court's February 21, 2025 Order (ECF No. 57, "Order"), Plaintiff Jordan, together with other aggrieved consumers, sent Best Buy a Notice of Dispute in order to initiate the arbitration process for which Best Buy moved. Following this, Best Buy refused to arbitrate, saying now that the Terms and Conditions require all of the alleged disputes in Plaintiff's notice letter were to be properly brought in small claims court—including Plaintiff Jordan's. Litigation in small claims court is decidedly not arbitration.

Either Best Buy wants to arbitrate this matter or it does not. Seeming as it does not, this Court must now reconsider its February 21, 2025 Order granting the Motion to Compel Arbitration and to Strike Class Allegations, and deny Defendant's Motion.

## BACKGROUND

The operative complaint between Plaintiff and Defendant was filed on July 17, 2024. ECF No. 26. In response, Best Buy moved to compel arbitration as to

Plaintiff Jordan and to strike class allegations on August 30, 2024. ECF No. 31. On February 21, 2025, the Court granted its motion to compel arbitration and to strike class allegations as to Plaintiff Jordan. *See* Order.

In its Order, the Court found that Plaintiff Jordan assented to certain terms and conditions ("the Terms") as a condition of purchasing the Product at issue in the operative Complaint as a guest. *Id.* at 10. These Terms included an arbitration agreement, mandating that:

> ANY DISPUTE INVOLVING YOU AND BEST BUY OR ANY OF ITS AGENTS MUST BE RESOLVED THROUGH INDIVIDUAL ARBITRATION.

*Id.* at 3. The Court also found that Plaintiff Jordan assented to an apparent class action waiver, pointing to language in the same Terms that reads:

> YOU AND BEST BUY AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS IDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, CONSOLIDATED, PRIVATE ATTORNEY GENERAL, OR REPRESENTATIVE PROCEEDING.

*Id* at 3-4. Finding this, the Court granted the motion to compel arbitration and struck the class allegations of Plaintiff Jordan. *Id.* at 18.

Plaintiff Jordan then proceeded to initiate the arbitration process by sending Best Buy a notice of dispute. *See* "May 1, 2025 Notice of Dispute," ECF No. 76-1 ("Notice of Dispute"). Per the Terms:

> Before either party may initiate an arbitration proceeding, you and Best Buy agree to engage in a good faith effort to resolve the Dispute

2

informally for 60 days, unless that time is extended by agreement. If you intend to initiate an arbitration proceeding, you must first send a fully completed notice of your Dispute (the 'Notice') to Best Buy.

Declaration of Daniel Poplau in support of Best Buy's Motion to Compel Arbitration, ECF No. 34-1 (Ex. A) ("Poplau Declaration") at 5. The Notice of Dispute was intended for Plaintiff Jordan, together with 205 *individual* consumers, to provide the 60-day notice process outlined in Best Buy's Terms, pursuant to the Court's Order.

Best Buy responded on May 22, 2025, stating that "based on [the] admission that none of the alleged economic damages for any of the individuals exceeds $120, all of these alleged claims should be properly brought in small claims court." *See* "May 22, 2025 Response to Notice of Dispute," ECF No. 76-2 ("Response to Notice of Dispute"). Following receipt of this letter, Plaintiff Jordan sought leave from this Court to file a Motion for Reconsideration. *See* June 9, 2025 Letter to District Judge Donovan Frank by Yeremey Krivoshey, ECF No. 76 ("Krivoshey Letter").

On June 16, 2025, this Court granted Plaintiff's Jordan's request in part, concerning the Court's decision on the motion to compel arbitration. *See* Order Granting in Part Plaintiff's Request for Permission to File a Motion for Reconsideration, ECF No. 78. The Court specifically asked that the parties address 1) whether Plaintiff Jordan's claims must be brought in small claims court; and 2)

whether the Court's decision to strike Jordan's class allegations has any effect on the motion to compel arbitration. *Id.*

## LEGAL STANDARD

District courts have broad discretion over whether to grant a motion for reconsideration of a prior order. *In re Charter Communications Inc., Securities Litig.,* 443 F.3d 987, 993 (8th Cir. 2006). Motions for reconsideration serve to "correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir. 1988) (citing *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.) as amended, 835 F.2d 710 (7th Cir. 1987). This authority allows the Court to respond to new developments in a case, including changed factual or procedural circumstances, that could ultimately lead to a different result.

## ARGUMENT

## I.    The Order Granting Best Buy's Motion to Compel Arbitration Should be Reconsidered and Denied Under Fed. R. Civ. P. (60)b.

"[T]he Eighth Circuit has determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Webb v. Johnson,* No. 21-3042, 2022 WL 80475 at *1 (D. Neb. Jan. 6, 2022) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003). "Under Rule 60(b), a court may grant a party relief from a final order for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with

4

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief." *Id.*; Fed. R. Civ. P. 60(b).

   a. *Best Buy Engaged in Misconduct Under 60(b)(3).*

Best Buy's failure to consent to arbitration, after asking this Court to compel Plaintiff Jordan to do the same, is misconduct, and a misrepresentation of its intentions.

When a party adopts a position directly contrary to its earlier representations concerning arbitration, courts will not compel arbitration and allow proceedings to continue. *See, e.g., Quizinsight.com P'ship v. Tabak,* No. 18-1878, 2022 WL 18401758, at *2 (D.D.C. May 17, 2022) (lifting stay when party seeking arbitration defaulted in the arbitration). This is because courts have recognized that compelling arbitration under these conditions is inefficient and unjust. *Brown v. Option One Mortgs. Corp.*, No. 10-785, 2012 WL 85207, at *2 (E.D. La. Jan. 11, 2012) ("It would make little sense to force the parties to arbitrate, when arbitration is an option in their contract and neither party seeks to exercise it.").

5

On February 21, 2025, the Court granted Best Buy's motion to compel arbitration and stayed Plaintiff Jordan's claims based on *Best Buy's* representation that those claims fell within the scope of its arbitration agreement. *See* Order. Yet, on May 22, 2025, Best Buy reversed course, stating in writing that all of the *individual* claims submitted in the Notice of Dispute, among them Plaintiff Jordan's, "should be properly brought in small claims court." Response to Notice of Dispute at 1. In other words, Best Buy compelled Plaintiff Jordan to arbitrate while having no intention to actually arbitrate the case. Instead, Best Buy has engaged in gamesmanship designed to deprive Plaintiff Jordan of a forum in which to seek resolution for her dispute. This is clear misconduct. Plaintiff Jordan duly sent Best Buy a Notice of Dispute, pursuant to Court Order: this was based on Best Buy's own misrepresentation that it wanted to proceed with Plaintiff Jordan's dispute in arbitration and believed it to be arbitrable. Best Buy's failure to consent to arbitration it compelled Plaintiff Jordan to undergo has wasted everyone's time and this Court's resources.

Under Fed. R. Civ. P. 60(b)(3), which controls the standard for reconsideration in the Eighth Circuit, the Court should find that Best Buy's actions constitute misconduct or a misrepresentation warranting reconsideration.

b. *Best Buy Has Denied Plaintiff Jordan a Full and Fair Opportunity to Litigate Her Claim under 60(b)(6).*

Reconsideration is also warranted under subsection (b)(6) because Best Buy's conduct violates the so-called "catch-all" provision. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Conno v. U.S. Bank N.A.*, No. 11-2352, 2013 WL 2935481 at *3 (D. Minn. June 14, 2013)(citing *Harley v. Zoesch*, 413 F.3d 66, 871 (8th Cir. 2005)).

Best Buy's actions here are aimed at denying *any* venue for Plaintiff Jordan to be heard. Initially, she brought her claim in this Court, where Best Buy compelled her to arbitrate. Now, Best Buy seeks to shirk that arbitration and tell her she needs to bring the claim in small claims court, which Best Buy itself cannot do because it has waived the defense of improper venue. Had Best Buy sought the small claims court in the first instance, it should have done so via a Rule 12(b)(3) motion and alleged an improper venue. Fed. R. Civ. P. 12(b)(3). Since it failed to do that, it has now waived that defense entirely, as explained more fulsomely below. Best Buy seeks to deprive Plaintiff Jordan of a forum in federal court and in arbitration, and is for the first time asking Plaintiff to file her claim in a jurisdiction that Best Buy itself cannot compel her to move to. Best Buy's strategy is to unfairly create roadblocks for *any* forum to hear Plaintiff Jordan's claims.

7

In doing so, Best Buy is preventing Plaintiff Jordan from a full and fair opportunity to litigate her claim and preventing her from receiving adequate redress. Therefore, extraordinary relief in the form of a reconsideration of the Order granting the Motion to Compel Arbitration, pursuant to Fed. R. Civ. P. 60(b)(6), is warranted. This Court must now deny Defendant's Motion to Compel Arbitration.

## II.   Best Buy Cannot Now Ask Plaintiff Jordan to Litigate in Small Claims Court as It Has Waived That Defense.

Best Buy retorts that Plaintiff Jordan's claims should proceed in small claims court, not before this Court, because the relevant provision states such small claims "must be brought in small claims court on an individual basis." Poplau Declaration at 5. But that is a question of proper *venue*, not whether to compel arbitration.

Federal Rule of Civil Procedure 12 provides that a pary may assert certain defenses to a claim for relief by motion, among them improper venue. Fed. R. Civ. P. 12(b)(3). However, "[a] motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed." *Id.* By already filing a motion pursuant under Fed. R. Civ. P. 12, subsequently answering, and having failed to raise the issue of improper venue at any time therein, Best Buy has waived any challenge to improper venue. *See, e.g., Integrated Molding Concepts, Inc. v. Stopol Auctions, L.L.C.*, No. 06-5015, 2007 WL 2263927, at *3 (D. Minn. Aug. 6, 2007) (finding that "Defendants did not assert the forum selection clause as a rationale for dismissal for improper venue, pursuant to Rule 12(b)(3), and accordingly, that they have waived

8

this argument for dismissal, as it was not presented in their initial Motion to Dismiss"); *Farmers Select, LLC v. United Motor Freight, Inc*., No. 07-342, 2008 WL 5351731, at *2 (W.D. Tex. Dec. 19, 2008) ("[FRCP] 12(b) enumerates seven (7) defenses which may be asserted in a pre-answer motion or in a responsive pleading. Four (4) of these defenses, including a Rule 12(b)(2) defense, are waived if not asserted in the party's first response, whether that be a pre-answer motion or an answer.").

Best Buy's Motion to Compel Arbitration makes no mention of an improper venue, save for the arbitration it now seeks to shirk. *See generally* Memorandum in Support of Defendant's Motion to Compel Arbitration as to Plaintiff Jordan and to Strike Class Allegations, ECF No. 33 ("Def's Memo ISO Arbitration"). Since this Motion was filed and an Order entered by the Court, Best Buy has since filed an Answer and Affirmative Defenses to this case, the last responsive pleading in which Best Buy can make the Rule 12 affirmative defenses. *See* Answer, ECF No. 62. This document as well makes no mention of improper venue or small claims court. Therefore, Best Buy cannot now move Plaintiff Jordan there on the basis of an improper venue.

The only equitable place to hear Plaintiff Jordan's claims is where the matter was duly filed; alongside Plaintiff Walsh's in this District. Upon reconsideration, this

Court should now deny the motion to compel arbitration, lift the stay concerning her claims, and let this case proceed in federal court.

## III.    The Class Action Waiver is No Longer Enforceable.

Lastly, as Best Buy is choosing not to enforce its Terms by failing to arbitrate after the Court has compelled it to do so, it cannot also enforce the Class Action waiver, part and parcel of those Terms. Therefore, this Court should also reconsider striking Plaintiff Jordan's class action allegations.

As these claims are no longer subject to arbitration (by Best Buy's own actions), the standard for the enforceability of class action waivers is completely different and must be reevaluated. *See, e.g., Vine v. PLS Fin. Servs., Inc*., 807 Fed. Appx. 320, 328 (5th Cir. 2020) ("the most plausible way to interpret a class action waiver in the middle of an arbitration provision is as part of the explanation of the rules, rights, and procedures that apply if a dispute is arbitrated – *not* as an independently effective waiver of the right to pursue a class action outside the arbitration context") (cleaned up); *Meyer v. Kalanick*, 185 F. Supp. 3d 448, 458 (S.D.N.Y. 2016) ("the logic behind the Supreme Court decisions on FAA preemption of class arbitration waivers is not readily transferable to class actions outside the arbitration setting … *Concepcion* thus provides no basis on which to conclude that California law on the unconscionability of class action waivers would be invalid outside the arbitration setting."). While arbitration agreements have been subject to

recently-developed federal "pro-arbitration policy," no such policy exists for class waivers.

For example, the U.S. Supreme Court has held that a state rule was unenforceable when it conflicted with the valid federal procedural rule concerning class action procedure, Rule 23. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). Under a similar analysis, federal district courts have refused to enforce contractual bars to class actions, holding that whether a private contractual agreement binds or constrains a federal court's procedures is a question of federal law. *See Martrano v. Quizno's Franchise Co., L.L.C.*, No. 08-0932, 2009 WL 1704469 (W.D. Pa. June 15, 2009). The standards of Rule 23 do "not call for consideration of the parties' preferences." *Id.*

In its decision to strike allegations, this Court found:

> the FAA requires courts to enforce arbitration agreements according to their terms. 9 U.S.C. § 2. Therefore, the Court grants the motion to strike Jordan's class allegations.

Order at 14.

Defendant has now affirmatively acted in ways inconsistent with the class waiver provision by refusing to effectively participate in adjudicating individual claims in arbitration. "Waiver is the intentional relinquishment of a known right." *Frandsen v. Ford Motor Co.*, 801 N.W.2d 177, 182 (Minn. 2011). Any contractual

right Defendant now claims to invoke the class action waiver and handle only individual claims should be considered alongside its affirmative actions to the contrary. Defendant's intentional refusal to effectively permit individuals to bring their claims directly contradicts its attempt to enforce a class waiver.

In light of this Court's decision to initially strike Plaintiff Jordan's class allegations and compel her to arbitration, Plaintiff Jordan complied with this Court's order and followed Best Buy's process, as outlined in its arbitration and class waiver provisions. *See* Krivoshey Letter at 1. By rejecting its own notices and refusing to permit this group of consumers to proceed individually in arbitration, Best Buy has, in practice, barred this entire group of consumers from being able to seek a remedy, even individually. Response to Notice of Dispute at 2. Best Buy specifically asked this Court to carve out a group of Plaintiff Jordan and similarly situated purchasers from the proposed class and to deny them the ability to proceed as a class. Defendant's Motion to Compel Arbitration, ECF No. 31.

Once Defendant's request was granted, it then completely refused Plaintiff Jordan and the other consumers even the individual arbitration *Best Buy itself compelled.* Now that Best Buy has waived arbitration by refusing to effectively participate, invalidating the provision, there is *no* arbitration agreement enforceable, including all the provisions therein.

12

This refusal is a waiver of the arbitration agreement, including the class action waiver, that Best Buy appears to invoke only when convenient. The new posture of this case and Best Buy's attempt to avoid participating in individual adjudication of claims demand that Federal Rule of Civil Procedure 23 prevail, or else hundreds of consumers across the country will be denied their ability to seek justice.

## CONCLUSION

Best Buy's gamesmanship is out in the open; its filings have been aimed at keeping Plaintiff Jordan from any forum in which she can fairly and fully resolve her claim. This Court should reconsider its Order granting their Motion to Compel Arbitration and Strike Class Allegations.


Dated:        June 30, 2025                    Respectfully Submitted,

                                               */s/ Kevin Laukaitis*

                                               Kevin Laukaitis*
                                               **LAUKAITIS LAW LLC**
                                               954 Avenida Ponce De Leon
                                               Suite 205, #10518
                                               San Juan, Puerto Rico 00907
                                               Phone: (215) 789-4462
                                               klaukaitis@laukaitislaw.com

13

Yeremey O. Krivoshey*
**SMITH KRIVOSHEY, PC**
(*pro hac vice* forthcoming)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

Joel D. Smith*
**SMITH KRIVOSHEY, PC**
(*pro hac vice* forthcoming)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

Mason A. Barney*
**SIRI | GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Main: 212-532-1091
Facsimile: 646-417-5967
mbarney@sirillp.com

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs
and the Proposed Class*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration was served on all counsel of record through this Court's CM/ECF system.


Dated:        June 30, 2025                    Respectfully Submitted,

                                                            */s/ Kevin Laukaitis*
                                                            Kevin Laukaitis