# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JEWEL JORDAN and MICHAEL WALSH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BEST BUY CO., INC.,<br><br>    Defendant. | Case No. 0:24-CV-01066-DWF-DTS<br><br>**Memorandum in Opposition to Plaintiffs' Motion for Reconsideration** |

Defendant Best Buy Co., Inc. ("Best Buy") submits this memorandum in opposition to Plaintiffs'[1] motion for reconsideration of the Court's February 21, 2025 Order (Dkt. 57).

## Introduction

Plaintiffs' Motion for Reconsideration should be denied because it improperly conflates the claims previously considered by this Court with other unrelated claims that are *not before this Court.* Plaintiff Jordan attempts to now evade arbitration by accusing Best Buy of misconduct and wrongly asserting that Best Buy is denying her a full and fair opportunity to litigate the claims she

---

[1] The Motion to Consider is characterized as being brought on behalf of both Plaintiff Michael Walsh and Plaintiff Jewel Jordan, but the basis for reconsideration relates solely to issues relating to Plaintiff Jordan so Best Buy references her individually, where appropriate.

1

96261907.9

brought before this Court. To the contrary, Best Buy continues to await an arbitration demand from Plaintiff Jordan that she has not yet filed with the AAA.

Before responding to Plaintiffs' red-herring and strawman arguments, Best Buy answers the Court's stated questions as follows:

(1) whether Jordan's claims must be brought in small claims court;

**Answer:** No, the claims that Plaintiff Jordan asserted in the Amended Complaint, *the only claims before this Court*, should be arbitrated—just as this Court ordered. This Court compelled Plaintiff Jordan to arbitration and, under the applicable AAA Consumer Rules, Plaintiff's next step is to file her demand with the AAA. Best Buy awaits her demand and remains ready and willing to arbitrate those claims and will not request that those claims be heard in small claims court.

(2) whether the Court's decision to strike Jordan's class allegations has any effect on the motion to compel arbitration.

**Answer:** The Court's decision to strike Jordan's class allegation has no effect on the motion to compel arbitration, except to the extent it further reinforces the Court's order that Plaintiff Jordan may only pursue *individual* claims in arbitration. The Court's decisions to compel and strike were properly based on the Best Buy Terms & Conditions that

2

96261907.9

governed the claims Plaintiff Jordan asserted in the Amended Complaint. Accordingly, the Court properly ordered that, "This matter is **STAYED** as to Plaintiff Jewel Jordan's **<u>individual claims</u>** pending resolution via arbitration." Dkt. 57 at 18 (bold and underline emphasis added).

Based solely on these answers, this Court can and should deny Plaintiffs' motion to reconsider. It is that simple.

As explained further below, however, Plaintiffs' counsel seeks to create confusion by directing the Court's attention to 200+ other claims that **<u>are not—and have never been—before this Court</u>**. One such claim, first brought to Best Buy's attention in a May 1, 2025 Letter, involves Plaintiff Jordan. But, contrary to Plaintiffs' suggestion, it is **not** the same claim that she asserted before this Court—rather, it is an unrelated matter that has never been before this Court.

Therefore, not only should the Court deny Plaintiffs' motion, it should not even consider it.

## I. Factual Background

A. **Plaintiff Jordan brought claims before this Court relating to her "2022 Tinley Park Purchase."**

Plaintiff Jordan first raised claims that are before the Court on July 17, 2024, when Plaintiff Jordan notified Best Buy by letter dated July 16, 2024, of her claim regarding a "Recalled Product" that she purchased "from a Best Buy **in Tinley Park, Illinois in Summer 2022**." Dkt. 77 at Ex. A (emphasis added). The very same day, she filed the Amended Class Action Complaint alleging "Plaintiff Jordan purchased the Insignia 6-quart Model No. NS-MC60SS9 multifunction pressure cooker from a Best Buy store located **in Tinley Park, Illinois in the Summer of 2022** for approximately $60.00." Dkt. 26, at ¶ 31 (emphasis added). Thus, Plaintiff Jordan's claims relating to her "2022 Tinley Park Purchase" are her only claims before this Court.[2] As will be shown below, those are **not** the same claims Plaintiff Jordan gave notice of in her May 2025 Letter and on which Plaintiffs base this motion to reconsider.

### B.   The Court ordered Ms. Jordan to arbitrate her claims.

On February 21, 2025, the Court granted Best Buy's motion to compel arbitration and to strike the class allegations as to Ms. Jordan's claims regarding the 2022 Tinley Park Purchase. *See* Dkt. 57. The Court found "that the arbitration agreement between Best Buy and Jordan is valid and applies to the dispute at

---

[2]   For the purposes of this motion, the claims of Plaintiff Michael Walsh are irrelevant.

hand." Dkt. 57 at 17. The Court further found that "Jordan is subject to the class action waiver and therefore cannot bring her claims in front of the Court." *Id.* The Court ultimately ordered, in part:

> Defendant Best Buy's motion to compel arbitration **of the claims raised by Plaintiff Jewel Jordan** (Doc. No. [31]) is **GRANTED**.

Dkt. 57 at 18 (underlined and bold emphasis added). The only "claims raised by Plaintiff Jewel Jordan" are those that relate to her 2022 Tinley Park Purchase. *See* Dkt. 26 at ¶ 31. The Court did not compel to arbitration any other unraised claims that Plaintiff Jordan might have against Best Buy—only those raised in the Amended Complaint. Dkt. 57 at 18.

### C. Ms. Jordan is free to file her 2022 Tinley Park Purchase claim with the AAA, but she has yet to do so.

After the Court's ruling, Plaintiff Jordan was required to initiate arbitration before the AAA by filing a formal demand, among other items. Dkt. 35, Ex. B at 5 (describing arbitration procedure before the AAA). Under the AAA Consumer Arbitration and Mediation Procedures that apply:

> Arbitration **pursuant to a court order** shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, a copy of the court order, or a copy of any applicable arbitration agreement from the parties' contract, which provides for arbitration.

5

96261907.9

R-4(a)(i) (emphasis added). Thus, there was no need under the Court's order or the AAA Rules for any further notice.

Despite being free to do so for nearly six months, Ms. Jordan has yet to initiate her claim by filing any demand for arbitration with the AAA. Declaration of Heather Chang (hereinafter "Chang Decl.") at ¶ 2.

### D. Ms. Jordan's counsel provided Best Buy with a deficient notice of dispute for 200+ other claimants that have never been before this Court—including ones relating to a different purported purchase by Plaintiff Jordan.

On May 1, 2025, Plaintiff Jordan's counsel sent a Notice of Dispute letter on behalf of 200+ individuals that are not before this Court along with an Excel spreadsheet that lists those individuals' alleged purchases. *See* Chang Decl., Ex. A. This Excel spreadsheet includes Plaintiff Jordan and makes clear that she now seeks remuneration for a pressure cooker purchased **at a different Best Buy location in a different year**—a claim that has never been before this Court.

More specifically, Plaintiff Jordan was attempting to give notice of claims relating to a purported purchase on "5/28/2021" from "Best Buy-Burbank, IL" (referred to herein as the "2021 Burbank Purchase"). *Id*. The Burbank Best Buy store is a different store than the Tinley Park Best Buy store.[3] And, based on

---

[3]  *See* "Best Buy Store Directory" for Illinois at https://stores.bestbuy.com/il.html.

96261907.9

Plaintiff Jordan's own representations, the 2021 Burbank Purchase appears to have been made one year before the 2022 Tinley Park Purchase that is the subject of the current lawsuit.[4] The May 2025 Letter, therefore, has no bearing on the claims Plaintiff Jordan is currently bringing before the Court.

Best Buy responded to the May 2025 Letter and explained its many deficiencies. *See* Dkt. 76 at Ex. 2. For instance, under the BestBuy.com Terms & Conditions in effect at the time of the May 2025 Letter, "The Notice must be personally signed **by the party** initiating the Dispute." *Id.* (emphasis added). But the May 2025 Letter contained no such signatures from Ms. Jordan or any of the other 200+ individuals.[5] Nor did the May 2025 Letter contain a "good faith calculation" of each consumer's damages, as required, noting only generally that the products at issue sold for "between $50 and $120." *Id.* Thus, in its response letter, Best Buy requested counsel cure the noted deficiencies, indicated, in light

---

[4]     *Compare* Dkt. 26 at ¶ 31 *with* Chang Decl., Ex. A. If Plaintiff Jordan were to now claim that the 2021 Burbank Purchase claims and the 2022 Tinley Park Purchase claims are, in fact, the same and that either her federal Amended Complaint or the May 2025 Letter spreadsheet is inaccurate, it makes no difference to this motion. If there is, in fact, only one purchase, this Court has already compelled that claim to arbitration and, under the AAA Rules, she is free to file her arbitration demand. Her own failure to properly describe her purchase that her claims arise from is not a basis for reconsideration under Rule 60(b).

[5]     This signature requirement was not in the BestBuy.com Terms & Conditions considered and relied on by the Court in its February 2025 Order. *See* Dkt. 35 at Ex. B.)

96261907.9

of the products' cost, the alleged claims were better suited for small claims court, and asked for an explanation if Plaintiffs' counsel disagreed. Dkt. 76 at Ex. 2. Plaintiffs' counsel provided no explanation for opposing that position and instead sought leave to file this motion. *See* Dkt. 76.

But Best Buy has never refused to arbitrate the claims Plaintiff Jordan raised in her Amended Complaint. *Id.* Indeed, as discussed, Best Buy continues to await her AAA arbitration. And Best Buy affirmatively represents that, if and when Plaintiff brings her demand before the AAA, Best Buy will not request Plaintiff Jordan's Tinley Park Purchase claim be decided in small claims court.[6]

As set forth below, irrelevant claims not before this Court are not basis for reconsideration under Rule 60(b).

## II.   Argument

Plaintiff Jordan has a clear path to address the claims she previously raised before this Court in AAA arbitration, pursuant to the Court's order. Any claims related to other purchases that are not before this Court are irrelevant. And, Plaintiffs should not be rewarded for misleading this Court: Best Buy has never

---

[6]   Best Buy's stated willingness to litigate Ms. Jordan's Tinley Park Purchase claim in arbitration pursuant to this Court's order compelling the same, does not waive Best Buy's right to assert other claims should be litigated differently, where appropriate.

8

96261907.9

taken the position that Ms. Jordan's claims arising from her 2022 Tinley Park Purchase should be litigated in small claims court. This Court can and should deny this motion on this basis alone.

Whether claims arising from Ms. Jordan's 2021 Burbank Purchase, the subject of the May 2025 Letter, can or should be litigated in small claims court is irrelevant to her claims that are the subject of this Court's order compelling arbitration. Ms. Jordan's "2021 Burbank Purchase,"—the entire basis for Plaintiffs' motion to reconsider—is *not a claim that is before this Court*.[7] Accordingly, as set forth in Section II.B below, Plaintiffs cannot show that Best Buy engaged in fraud, misrepresentation, or misconduct at all—let alone by "clear and convincing" evidence.

To make matters worse, Plaintiffs now seek to exceed the scope of the Court's order, which permitted reconsideration "only as to the Court's decision

---

[7] There is also no basis for Plaintiff Jordan to move to amend here to add her 2021 Burbank Purchase because (1) any such claim would be futile because it too would be subject to arbitration and the class waiver evidenced by the spreadsheet attached to the deficient May 2025 Letter where (i) Ms. Jordan has already acknowledged that she signed the arbitration agreement; and (ii) Ms. Jordan already requested that her 2021 Burbank Purchase claims "move to formal arbitration"; and (2) this case is stayed as to Ms. Jordan. Chang Dec., Ex. A (showing "Y" under column entitled "DID THE CLIENT SIGN THE NEW ARBITRATION DOCUMENT?"); and Dkt. 76 at Ex. 1 (March 2025 Letter).

9

on the motion to compel arbitration." Dkt 78. For the same reasons, the Court should deny the Plaintiff's motion.

### A. Plaintiffs cannot meet the high "clear and convincing" burden to obtain reconsideration under Rule 60(b).

Best Buy has not engaged in fraud, misrepresentation, or misconduct. To prevail under Rule 60(b)(3), the movant "must establish the fraud, misrepresentation or other misconduct by clear and convincing evidence." *Rauenhorst v. United States*, 104 F.R.D. 588, 598 (D. Minn. 1985) (denying relief under Rule 60(b)). And, the conduct complained of must have prevented her "from fully and fairly presenting his case or defense." *Id.* Plaintiffs' motion rests on the argument that "Best Buy's failure to consent to arbitration, after asking this Court to compel Plaintiff Jordan to do the same, is misconduct, and a misrepresentation of its intentions" under Rule 60(b)(3). Dkt. 81 at 10. But Best Buy has not "fail[ed] to consent to arbitration." Indeed, there is no need for Best Buy's "consent" at this point; the Court has compelled it, and Ms. Jordan is free to file her arbitration demand with the AAA. Dkt. 57.

Plaintiffs' "misrepresentation" argument, rather, rests upon Best Buy's response to an unrelated notice of dispute sent months *after* this Court's order compelling arbitration. But Best Buy's response to the May 2025 Letter regarding other claims not before this Court, including Plaintiff Jordan's 2021 Burbank

10

96261907.9

Purchase, do not constitute misrepresentation under Rule 60(b)(3). If anything, it is Plaintiff Jordan who has been less than candid—or at the very least, highly inaccurate—about her various claims.

Alternatively, Plaintiffs also move under Rule 60(b)(6) which allows for reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But this "catch-all" provision provides relief "**only** where **exceptional circumstances** have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Conno v. U.S. Bank N.A.*, No. 11-2352, 2013 WL 2935481 at *3 (D. Minn. June 14, 2013)(*citing Harley v. Zoesch*, 413 F.3d 66, 871 (8th Cir. 2005)) (emphasis added). No such exceptional circumstances exist here.

Because Best Buy has *not* refused to arbitrate Ms. Jordan's Tinley Park Purchase claims, it has not prevented Ms. Jordan from fully and fairly presenting her case or receiving adequate redress. The AAA Rules provide that once a court has compelled arbitration, the arbitration "shall be initiated by the initiating party filing with the AAA a Demand for Arbitration[.]" R-4(a)(i). The only thing that is preventing Plaintiff Jordan from presenting her case is her own failure to file the necessary documents with the AAA.

11

96261907.9

There is, therefore, no evidence—let alone clear and convincing evidence—that justifies reconsideration of the Court's Order. The Court "determined that the arbitration agreement between Jordan and Best Buy is valid and that the dispute is within the scope of the agreement." Dkt. 57 at 12. Nothing has changed the basis for the Court's order, and Plaintiffs' motion should be denied.

### B. The Court's Order on Best Buy's motion to strike the class allegations as to Ms. Jordan should not be reconsidered.

There is similarly no evidence supporting reconsideration of the Court's Order striking Ms. Jordan's class allegations—which, notably, the Court did not grant Plaintiffs leave to move to reconsider. The Court granted Plaintiffs' request to file a motion for reconsideration "**only as to the Court's decision on the motion to compel arbitration**." Dkt. 57 at 18 (emphasis added). Ignoring the Court's clear directive limiting its Order, Plaintiffs now asks the Court "to also reconsider striking Plaintiff Jordan's class action allegations" (Dkt. 81 at 14), arguing that because Best Buy allegedly refuses to enforce its arbitration agreement, it cannot enforce the class waiver. Dkt. 81 at 10-13. For the same reasons as above, the Court should do no such thing.

### III. Conclusion

The entire premise for Plaintiffs' Motion to Reconsider is that Best Buy refuses to arbitrate the claims Plaintiff Jordan asserted in her Amended

12

96261907.9

Complaint. That is simply not true. Best Buy stands willing to arbitrate the 2022 Tinley Park Purchase claim should Plaintiff properly file it with the AAA. Accordingly, and for the foregoing reasons, Defendant Best Buy respectfully requests the Court deny Plaintiffs' motion for reconsideration.

Dated: July 14, 2025          **ROBINS KAPLAN LLP**

*/s/ Anne M. Lockner*
Anne M. Lockner (#0295516)
Heather R. Chang (#0403836)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
ALockner@RobinsKaplan.com
HChang@RobinsKaplan.com
612-349-8500

**Attorneys for Defendant Best Buy Co., Inc.**