UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jewel Jordan and Michael Walsh, *individually and on behalf of all others similarly situated*, | Civil No. 24-1066 (DWF/DTS) |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| v. | |
| Best Buy Co., Inc., | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Plaintiffs Jewel Jordan and Michael Walsh's motion to reconsider the Court's February 21, 2025 Order (the "Order"). (Doc. No. 79.) Defendant Best Buy Co., Inc. ("Best Buy") opposes the motion. (Doc. No. 83.) For the reasons set forth below, the Court denies the motion to reconsider.

## BACKGROUND

Plaintiffs Jordan and Walsh, on behalf of themselves and all other consumers similarly situated, filed a class action lawsuit against Best Buy to recover economic damages associated with recalled Insignia pressure cookers. (Doc. No. 26 ¶¶ 1, 4, 10.) Best Buy moved to compel arbitration of the disputes raised by Jordan and to strike the class allegations as to both Jordan and Walsh. (Doc. No. 31.) On February 21, 2025, the Court granted the motion to compel arbitration of the claims raised by Jordan, granted the

motion to strike the class allegations of Jordan, denied the motion to strike the class allegations of Walsh, and stayed the matter as to Jordan's claims. (Doc. No. 57 at 18.)

On May 1, 2025, Plaintiffs' counsel sent a letter to Best Buy's counsel initiating an informal dispute process for the claims of Jordan[1] and 205 other consumers. (Doc. No. 76, Ex. 1; *see also* Doc. No. 84 ¶ 3, Ex. A.) The intention of this letter was to fulfill the notice requirement from Best Buy's Terms and Conditions (the "Terms"), which require a good faith effort to resolve a dispute before it is brought to arbitration. (Doc. No. 76 at 1; *see also* Doc. No. 35 ¶ 4, Ex. A at 4-5.) Best Buy replied on May 22nd, pointing out that Plaintiffs' letter failed to comply with various requirements of the Terms. (Doc. No. 76, Ex. 2 at 1-2.) Best Buy's response also stated that "[b]ased on [Plaintiffs'] admission that none of the alleged economic damages for any of the individuals exceeds $120, all of the[] alleged claims should properly be brought in small claims court." (*Id.* at 2.) Plaintiffs interpreted Best Buy's letter as a refusal to arbitrate Jordan's claims. (*See* Doc. No. 81 at 5.)

On June 9, 2025, Plaintiffs filed a letter requesting permission to file a motion for reconsideration of the Order based on their belief that Best Buy wanted to send Jordan's claims to small claims court, reasoning that if Best Buy believes the claims should be in small claims court, then the claims should no longer be sent to arbitration. (Doc. No. 76.)

---

[1] Best Buy notes confusion over which claim by Jordan this letter was related to because the amended complaint is based on a purchase from summer 2022 (Doc. No. 26 ¶ 31), but the letter's attachment listed Jordan's purchase date as May 28, 2021 (Doc. No. 84 ¶ 3, Ex. A at 3). (Doc. No. 83 at 3-4.) As explained below, this does not impact the Court's decision. (*See infra* note 4.)

Over the objection of Best Buy (Doc. No. 77), the Court granted permission to file a motion for reconsideration only as to the motion to compel arbitration. (Doc. No. 78.) Plaintiffs then filed this motion, asking the Court to deny the motion to compel arbitration and to lift the stay on Jordan's claims.[2] (Doc. No. 81 at 14.)

## DISCUSSION

### I. Legal Standard

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation modified). This relief is reserved for "extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Motions to reconsider a non-final order are analyzed under the Federal Rules of Civil Procedure as Rule 60(b) motions. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Under Rule 60(b), a Court may relieve a party from a judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[2] Plaintiffs also ask the Court to reconsider the decision to strike the class allegations as to Jordan. (Doc. No. 81 at 14.) The Court declines to do so because the Court granted the request for permission to file a motion for reconsideration only as to the motion to compel, not the motion to strike. (Doc. No. 78.)

prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**II.    Analysis**

First, Jordan argues that Best Buy committed misconduct by not consenting to arbitration after asking the Court to compel arbitration, which she argues prevents her from resolving her claims and therefore warrants reconsideration under Rule 60(b)(3). (Doc. No. 81 at 9-10.)  To prevail under Rule 60(b)(3), Jordan must present clear and convincing evidence that Best Buy engaged in fraud, misrepresentation, or other misconduct that prevented Jordan from fully and fairly presenting her case. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006).  Best Buy responds that it has not refused to arbitrate and maintains that Jordan's claims[3] should be arbitrated.  (Doc. No. 83 at 8.)  Best Buy declares that Jordan has not filed a demand for arbitration with the American Arbitration Association ("AAA"), which is necessary to initiate arbitration with the AAA and required by Best Buy's Terms.  (Doc. No. 84 ¶ 2; AAA Consumer Arb. Rules & Mediation Procs. R-4(a); Doc. No. 35 ¶ 4, Ex. A at 5.)  If

---

[3]    Specifically, Best Buy maintains that the claims related to the summer 2022 purchase, which were the claims addressed in the Order, should be sent to arbitration as the Court ordered. (*See* Doc. No. 83 at 7 n.4.)  Further, Best Buy posits that, if the 2022 purchase was separate from the 2021 purchase included in the May 1st letter attempting initiation of the informal dispute process, then that letter is inapplicable to the motion to compel. (*Id.*)

Jordan wants to continue her claims, she must file that demand.[4]  Without that demand, Best Buy is not refusing to arbitrate.  Plaintiffs' argument therefore falls flat—there can be no misconduct for refusing to arbitrate if Best Buy is not refusing to arbitrate.

Similarly, Jordan argues that Best Buy not consenting to arbitration warrants reconsideration under Rule 60(b)(6)'s catch-all provision because it denies Jordan a full and fair opportunity to litigate her claims.  (Doc. No. 81 at 11-12.)  Rule 60(b)(6) does provide relief where "exceptional circumstances have denied the moving party a full and fair opportunity to litigate [their] claim and have prevented the moving party from receiving adequate redress."  *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).  But the same reasoning applies here—because Jordan has the power to invoke arbitration by sending a demand to the AAA, she has a course of action.  Jordan has not shown exceptional circumstances that warrant relief under Rule 60(b)(6).

The crux of Jordan's arguments is that Best Buy refuses to arbitrate her claims for which the Court compelled arbitration.  Best Buy has refuted that assertion, rendering Jordan's arguments meritless.  Plaintiffs' motion to reconsider is denied.

## CONCLUSION

Plaintiffs have failed to show the extraordinary circumstances necessary to warrant a reconsideration of the Order.  Jordan has the ability to move this action forward in

---

[4]  Whether the summer 2022 purchase is the same as the May 2021 purchase, the Court's decision is the same.  Jordan has not filed an official arbitration demand for any purchase.

arbitration and there is no indication that Best Buy has committed misconduct or is denying Jordan a full and fair opportunity to litigate.  The Order will not be reconsidered.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Plaintiffs' motion to reconsider (Doc. No. [79]) the Court's February 21, 2025 Order (Doc. No. [57]) is respectfully **DENIED**.

Dated:  August 13, 2025                s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge

6